186 So. 698

### McWHORTER v. JORDAN et al.

### 7 Div. 557.

Supreme Court of Alabama.

Feb. 16, 1939.

Reed & Reed, of Centre, for appellant.

Irby A. Keener, of Centre, for appellees.

BOULDIN, Justice.

Action by landlord against a purchaser of crops from the tenant for the destruction of the landlord's lien thereon.

Appellant, the landlord, was administrator of an estate. The tenant had rented the lands from decedent, who died during the crop year, and the administrator reaffirmed the contract with the tenant.

Without dispute the appellee purchased four bales of cotton from the tenant with notice of the tenancy for $239.45, applied $116 to an account of the tenant for supplies furnished him to make the crop, and paid the tenant a balance of $123.45. That the tenant still owes the landlord a balance of $195.72 on account for advances carried over from former years, is also without dispute.

The cotton having been disposed of and put beyond the reach of the landlord, a prima facie case was made for the plaintiff.

The defense as to the sum of $116 applied on defendant's account was waiver of the landlord's lien. Evidence was to the effect that the landlord, having agreed to furnish the tenant supplies to make the crop, found himself not in funds for the purpose, and agreed with the tenant that he should purchase supplies from appellee and pay for them out of the crop. Appellant objected to this line of evidence and raises the point on this appeal.

The argument is that it does not appear the alleged arrangement between landlord and tenant was ever made known to appellee, that he did not, and could not, rely on any waiver, and that no consideration for a waiver appears.

The point is not well taken.

Under defendant's evidence the landlord, in consideration of a release of his obligation to furnish supplies, agreed with the tenant that he should buy same from appellee and pay for same out of the crop. This was a release of the landlord's lien as against the tenant himself for a valuable consideration passing between them; a release of so much of the crop or proceeds as was necessary to pay the party from whom the tenant obtained supplies. The consideration as between the tenant and appellee is unquestioned. The tenant having the right to sell carried the right to buy for such purpose, regardless of any understanding between landlord and purchaser, and regardless of whether the tenant ever advised the appellee of the arrangement for paying the bill for supplies.

But this agreement between landlord and tenant did not waive or release the landlord's lien on the cotton or its proceeds further than necessary to pay the supply bill, $116. The landlord's lien attached to the residue of $123.45 paid by appellee to the tenant. This brings forward the issue under plea No. 8, alleging that the tenant paid these proceeds to the landlord. If so, the landlord suffered no injury for which he can now recover.

It appears the tenant deposited this fund, $123.45, in the bank to his credit. Without dispute the tenant issued two checks to

the landlord, one for $60 and one for $100, which were collected and applied as credits on the tenant's account.

Just what other funds went into this bank account is not clear. It appears some $35 of the proceeds of cotton was paid for picking, but the checks $160 would cover the entire $123.45, and $36.55 besides.

It appears the tenant made eight bales of cotton. Four were sold to appellee, two went to·the landlord for rent, one went to him on account and was credited at $58.95. This left but one bale, which was sold to a third person, and the disposition of the proceeds is not clear.

But, on the ·whole evidence, we are of opinion the jury were warranted in finding the tenant dealt fairly with his landlord, and that he suffered no loss in the transactions complained of. Appellant insisted in the court below and insists on this appeal that he was entitled to recover of appellee the full value of the four bales of cotton, or at least the $123.45, balance of proceeds after paying appellee's supply bill.

We find no error in the refusal of the affirmative charge for the plaintiff, nor in denial of the motion for ·new trial on the weight of the evidence.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.